**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHANGBAO WANG, | No. 09-73691 |
| Petitioner, | Agency No. A099-063-600 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 4, 2013
San Francisco, California

Before:     TASHIMA, W. FLETCHER, and NGUYEN, Circuit Judges.

Petitioner Changbao Wang, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and review the BIA's factual findings for

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

substantial evidence. 8 U.S.C. § 1252(b)(4)(B); *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). We grant Wang's petition and remand for the Attorney General to exercise his discretion whether to grant asylum.

The government conceded Wang's credibility at oral argument. Thus, we assume that Wang's testimony was credible.

The local government abused Wang in response to his political protest against the local government's actions. The local government also charged Wang with being a "counterrevolutionary against the government." Accordingly, the record compels a finding that "at least one central reason" for the harm inflicted on Wang was his political opinion. *See Hu v. Holder*, 652 F.3d 1011, 1017–20 (9th Cir. 2011).

The record also compels a finding that Wang's mistreatment rose to the level of persecution. Two police officers beat Wang for ten minutes, and the local government detained Wang for two weeks. Upon his release, Wang had to report to the police weekly, and when Wang failed to show up, the police searched for him. Under these facts, Wang's mistreatment qualifies as persecution. *See Mihalev v. Ashcroft*, 388 F.3d 722, 730 (9th Cir. 2004); *Guo v. Ashcroft*, 361 F.3d 1194, 1203 (9th Cir. 2004).

For the foregoing reasons, we conclude that Wang is statutorily eligible for

asylum. We remand for the Attorney General to make the discretionary decision under 8 U.S.C. § 1158(b)(1)(A) as to whether to grant asylum. *See Khunaverdiants v. Mukasey*, 548 F.3d 760, 767 (9th Cir. 2008).

Because Wang is eligible for asylum, we need not address Wang's challenge to the BIA's determinations as to whether he belongs to a cognizable social group and whether he qualifies for withholding of removal or protection under CAT. We also need not consider whether the BIA erred in refusing to accept Wang's new evidence into the record.

Petition for review **GRANTED** and **REMANDED.**